Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
E-mail: melanie@jibraellaw.com
E-mail: eric@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**LANAIRA FELIX,**
*individually and on behalf of all others similarly situated,*

Plaintiff,

vs.

**COLLECTION BUREAU OF AMERICA, LTD.,**

Defendant.

Case No.:

**COMPLAINT AND JURY DEMAND**

Plaintiff Lanaira Felix ("Plaintiff"), *individually and on behalf of all those similarly situated,* sues Collection Bureau OF America, LTD. ("Defendant") for violating the Fair Debt Collection Practices Act 15 U.S.C. § § 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal Act").

**JURISDICTION AND VENUE**

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. This Court has personal jurisdiction over Defendant because Defendant is

incorporated in California.

3. Venue of this action is proper in this Court because Defendant is incorporated in California.

4. This action is brought within the applicable statutory time limits of California law.

**PARTIES**

5. Plaintiff is a natural person, and a citizen of the State of California, residing in Riverside County, California.

6. Defendant is an California limted, with its principal place of business located in Hayward, California.

**DEMAND FOR JURY TRIAL**

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

8. On or about November 2, 2025, (labeled “Sunday 10:33 AM”) Defendant began attempting to collect an alleged debt from Plaintiff (the “Consumer Debt”).

9. The Consumer Debt is an obligation allegedly due and owed by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the “Subject Service”).

10. The Subject Service was primarily for personal, family, or household purposes.

11. Plaintiff is a “debtor” within the meaning of Cal. Civ. Code § 1788.2(h).

12. Defendant is a “debt collector” within the meaning of Cal. Civ. Code § 1788.2(c).

13. Defendant is a “debt collector” within the meaning of 15 U.S.C. § 1692a(6).

14. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

15. Defendant is a business entity engaged in the business of collecting consumer debts.

16. Defendant, in the ordinary course of business, regularly attempts to collect obligations alleged to be due and owing on behalf of itself and/or others.

17. Section 1692c(c) of the FDCPA is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.

18. Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

19. Section 1692c(c), "if a consumer notifies a debt collector in writing that the consumer *refuses to pay*, the debt collector *shall not communicate further* with the consumer with respect to such debt". (emphasis added).

20. Under the Rosenthal Act, the definition of "debt collector" is broader and more inclusive than under the FDCPA because the Rosenthal Act allows for those collecting debts on their own behalf to be considered "debt collectors." *See* Cal. Civ. Code § 1788.2(c).

21. Plaintiff may state a claim for violation of the Rosenthal Act by showing that Defendant, a person attempting to collect an alleged debt on its own behalf, violated section 1692c(c) of the FDCPA. *See* Cal. Civ. Code § 1788.17.

## THE VIOLATION

22. On or about November 2, 2025, (labeled "Sunday 10:33 AM") Defendant began attempting to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the "First Collection Communication.

23. A screenshot of the First Collection Communication is attached hereto as "Exhibit A.

24. On or about November 4, 2025, (labeled "Tuesday 11:04 AM"), Plaintiff sent Defendant a notice of refusal to pay, notifying Defendant that Plaintiff refuses to pay the Consumer Debt (the "Refusal Notice"). *See Exhibit A*

25. Upon information and belief, the Refusal Notice was delivered on November 4, 2025, (labeled "Tuesday 11:04 AM").

26. On or about November 5, 2025, (labeled "Today 1:42 PM"), despite receiving the Refusal Notice, Defendant sent Plaintiff another collection communication in an attempt to collect the Consumer Debt (the "Second Collection Communication). *See Exhibit A*

27. The Second Collection Communication stated: "CBA (debt collector): view payment plans for your Primo water account."

## CLASS ALLEGATIONS

### PROPOSED CLASS

28. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined Classes.

> **FDCPA Class - all consumers with United States addresses that were sent a collection communication from and/or by Defendant, or someone on Defendant's behalf in an attempt to collect a debt during the twelve months preceding the filing of**

**this Class Action Complaint whereby said collection communication was sent to consumer after they notified Defendant of their refusal to pay in violation of 15 U.S.C. § 1692c(c).**

**Rosenthal Class - - all consumers with California addresses that were sent a collection communication from and/or by Defendant, or someone on Defendant's behalf in an attempt to collect a debt during the twelve months preceding the filing of this Class Action Complaint whereby said collection communication was sent to consumer after they notified Defendant of their refusal to pay in violation Cal. Civ. Code § 1788.17.**

29. Defendant and its employees or agents are excluded from the Classes.

30. Plaintiff does not know the number of members in the Classes but believes the members of the Classes to be in the several thousands, if not more.

**NUMEROSITY**

31. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after the consumer Defendant of their refusal to pay. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

32. The exact number and identities of members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of each member of the Classes is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

33. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the Classes in an attempt to collect a debt; **[2]** Whether Defendant, by and through said collection communication, violated the FDCPA and Rosenthal Act; **[3]** Whether Defendant is liable for damages, and the amount of such damages; and **[4]** Whether Defendant should be enjoined from such conduct in the future.

34. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the FDCPA are accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

35. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

36. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

37. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation.

38. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
***(For Plaintiff and the FDCPA Class)***

39. Plaintiff, individually and on behalf of the FDCPA Class, incorporates the above paragraphs of this Complaint as fully set forth herein.

40. Pursuant to 15 U.S.C. § 1692c(c), "if a consumer notifies a debt collector in writing that the consumer *refuses to pay*, the debt collector *shall not communicate further* with the consumer with respect to such debt" (emphasis added).

41. On or about November 4, 2025, (labeled "Tuesday 11:04 AM"), Defendant was notified in writing through the Refusal Notice that Plaintiff refused to pay the Consumer Debt.

42. As such, Defendant knew Plaintiff notified Defendant of their refusal to pay the consumer debt. Despite knowing this, Defendant communicated and/or contacted Plaintiff, by and through the Second Collection Communication.

43. Accordingly, Defendant violated 15 U.S.C. § 1692c(c) by communicating directly with Plaintiff in connection with the collection of the Consumer Debt via the Second Collection Communication.

44. WHEREFORE, Plaintiff requests relief and judgment as follows:

(a) Determine this action is a proper class action under California Rules of Civil Procedure;

(b) A declaration that Defendant's conduct and/or practices described herein violate 15 U.S.C. § 1692c(a)(1);

(c) Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k;

(d) Enjoin Defendant from future violations of 15 U.S.C. § 1692c(a)(1) with respect to Plaintiff;

(e) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and

(f) Any other relief that this Court deems appropriate under the circumstances.

## COUNT II
## VIOLATION OF CAL. CIV. CODE § 1788.17

45. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference the above paragraphs of this Complaint as fully set forth herein.

46. Section 1692c(c) of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, states if a consumer notifies a debt collector in writing that the consumer *refuses to pay*, the debt collector *shall not communicate further* with the consumer with respect to such debt (emphasis added).

47. As set forth above, Defendant sent the Second Communication to Plaintiff in connection with the collection of the Consumer Debt. Through the Second Communication, Defendant communicated with Plaintiff after Plaintiff notified Defendant that Plaintiff refused to pay the Consumer Debt.

48. As such, by and through the Second Communication, Defendant violated Cal. Civ. Code § 1788.17.

49. WHEREFORE, Plaintiff and Class Members request relief and judgment as follows:

(a) Determine this action is a proper class action under California Rules of Civil Procedure;

(b) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17;

(c) Award Plaintiff damages pursuant to Cal. Civ. Code § 1788.17 and 1788.30(b);

(d) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff;

(e) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17.

(f) Any other relief that this Court deems appropriate under the circumstances.

Dated: June 10, 2026

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
E-mail: melanie@jibraellaw.com
E-mail: eric@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*